UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A06-00043-DMD<br><br>JAMES DEAN RAINS and CHERIE MARIE RAINS,<br><br>Debtors. | Chapter 7<br><br>**Filed On**<br>**10/9/08** |
| WILLIAM M. BARSTOW, III, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. RAINS, CHERI M. RAINS, PHYLLIS I. LAYMON, and DOES 1-10,<br><br>Defendants. | Adv. No. A08-90006-DMD |

**MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT**

This is an action to recover a fraudulent transfer of real property. Defendant Phyllis Laymon has filed a motion for summary judgment, seeking dismissal of this action on the grounds that it has been brought outside of the applicable statute of limitations period. For the reasons stated below, the motion will be denied.

Background

Debtor Cherie Rains and her mother, Phyllis Laymon, owned an Anchorage duplex as tenants in common. Rains resided in one half of the duplex; the other half was rented to tenants. In October, 2002, Rains quit-claimed her 50% interest to Laymon for no consideration. The quit-claim deed was recorded on November 4, 2002. Concurrently with

this transaction, Laymon refinanced the existing mortgage on the property. The new loan of $188,000.00 paid off the existing mortgage of $143,000.00, and gave Laymon $44,000.00 in cash. Laymon used a portion of the cash to put a new roof on the duplex. She applied the balance towards a real estate transaction in Hawaii. Rains received none of the cash.

Rains continued to live in the duplex after she executed the quit-claim deed. Her mother does not live in the duplex. Rains paid below market rent to her mother and was also able to withdraw cash from the bank account in which the rental deposits from the duplex were placed. Rains and her husband filed a chapter 7 petition on March 1, 2006. The trustee filed this fraudulent transfer action on February 26, 2008.

Discussion

Rains filed her petition more than three years after she had transferred her interest to Laymon. Because of this, Laymon has moved for summary judgment. Laymon argues that, due to changes in Alaska law, the statute of limitations forecloses fraudulent transfer actions which are brought more than three years from the date of the effective transfer. She contends the statute of limitations has run in this case and the trustee's complaint must be dismissed.

The trustee doesn't contest Laymon's position regarding the applicable limitation period. However, because Rains retained possession of the property after quit-claiming her interest to Laymon, he contends the transfer wasn't perfected until the day immediately preceding Rains's bankruptcy filing, March 1, 2006. Under the trustee's theory, the transfer was within the limitation period and this action should proceed on the merits.

2

Laymon disputes this contention, arguing that it was not unusual for Rains to remain in the property as a tenant following the execution of the quit-claim deed. She argues,

> [T]he mere presence of tenants in rental property does not put the owner, or a potential buyer, on inquiry notice of a possible adverse ownership claim on the part of a tenant which requires a potential bona fide purchaser to make an investigation. No case law or current practice requires that a purchaser make such an inquiry of residential tenants, and the complexity such a requirement would bring to real estate closings is hard to underestimate. The reason, of course, is that a buyer expects a rental property to be occupied by persons other than the owner (and would be more reluctant to buy in the absence of tenants), and the occupancy by tenants is not inconsistent with record title.[1]

I respectfully disagree with Laymon's argument. Here, the rental property continued to be occupied by an owner after that owner's interest was quit-claimed to another. "The courts differ as to the effect of the continued possession by a grantor as notice of rights inconsistent with the grant."[2] Alaska is among the jurisdictions which hold that a prospective purchaser is put on inquiry notice when the grantor continues in possession.[3] A grantor's continued possession of property after conveyance of his interest is a circumstance which suggests "outstanding equities in third parties" and imposes "a duty upon the purchaser to

---

[1] Laymon's Reply in Supp. of Mot. for Summ. J., filed Sept. 5, 2008 (Docket No. 19), at pp. 2-3.

[2] 77 AM. JUR. 2D *Vendor and Purchaser*, § 403 at pp. 456-57 (2006).

[3] *Modrok v. Marshall*, 523 P.2d 172, 174 (Alaska 1974).

make a reasonable investigation into the existence of a claim."[4] These are considered "suspicious facts" which require a purchaser to look beyond the chain of title.[5] And the duty of inquiry under such circumstances isn't negated because rental property, rather than a single family residence, is involved. As noted by Powell:

> A common application of the doctrine of inquiry notice from possession occurs when a tenant is in possession of the property. Generally, if the occupant is a tenant, this type of possession gives notice to any purchaser of the tenant's rights. This notice is all-inclusive; it includes notice not only of the tenant's rights as a tenant under a lease, but also those which may exceed those of a tenant. Thus a purchaser is considered to have inquiry notice of the rights of a tenant who has prepaid the rent, as well as the rights of an apparent tenant who has purchased the premises. For purchasers to satisfy their obligation of inquiry, they must question the tenant as to the tenant's rights in the property, particularly any rights in excess of, or at variance with, a written lease between the current landlord and the tenant. In small buildings the burden of this inquiry also may be small. However, with very large multi-tenanted apartment or office buildings, the burden of this inquiry may be considerable.[6]

These comments contradict Laymon's contention that it is unreasonable to expect a potential purchaser of rental property to investigate each tenant's interest in the property.

---

[4] *Id.*

[5] *Id.*

[6] Powell on Real Property, § 82.02[1][d][iii][A](Michael Allan Wolf, ed., LexisNexis Mathew Bender 2008).

4

Laymon further argues that, even if a bona fide purchaser were required to investigate the status of Rains's tenancy, there is nothing out of the ordinary in the landlord/tenant arrangement between the defendants here. Again, I disagree. Here, there are suspicious facts surrounding Rains's conveyance to Laymon which would suggest otherwise. First, Rains received no consideration at the time of the transfer. The trustee argues that Rains had substantial obligations outstanding to creditors, including the Internal Revenue Service, at the time of the conveyance. Further, Rains has continued in possession for several years subsequent to the transfer of her interest, and has paid Laymon below market rent. Rains has also been able to withdraw cash from the bank account in which the rent from both halves of the duplex was deposited. I feel that these facts, which suggest an outstanding equity in a third party, would foreclose reliance solely upon the quit-claim deed and require a bona fide purchaser to make further inquiry regarding Rains's interest.[7]

A statute of limitations starts to run when a cause of action accrues.[8] A cause of action accrues "when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action."[9] At this point, there are insufficient uncontested facts present in this case to determine when the trustee, standing in the shoes of a bona fide purchaser, would have discovered all the elements of the cause of

---

[7] *Modrok*, 523 P.2d at 174.

[8] *Roach v. Caudle*, 954 P.2d 1039, 1041 (Alaska 1998).

[9] *Id.*, citing *Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991).

5

action he has asserted in this case.  For this reason, Phyllis Laymon's motion for summary judgment will be denied.[10]  An order will be entered consistent with this memorandum.

DATED:  October 9, 2008

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  J. Siemers, Esq.
R. Crowther, Esq.
D. Bundy, Esq.
P. Gingras, Adv. Case Mgr. - √ svd 10/09/08 aam

10/9/08

---

[10] *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002) [].